UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET KELLY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. C11-1426MJP<br><br>ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' motion for summary judgment (Dkt. No. 23) and Defendants' motion for summary judgment (Dkt. No. 22). Having reviewed the motions, the responses (Dkt. Nos. 25, 26), the replies (Dkt. Nos. 27, 28), and all related papers, the Court GRANTS Defendants' motion and DENIES Plaintiffs' motion. The Court AFFIRMS the decision of the Board of Immigration Appeals.

**Background**

Margaret Kelly applied for an I-130 immigrant visa on behalf of her husband, Mohamed Jawara. This is the third I-130 application filed on Jawara's behalf. Each application has been denied because Jawara was federally convicted of conspiracy to engage in marriage fraud. The

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT- 1

United States Citizenship and Immigration Services ("USCIS") denied his present application on December 16, 2010. (Dkt. No. 22-2.) The USCIS found that Jawara was ineligible because he had attempted or conspired to enter into a marriage for the purpose of evading the immigration laws of the United States in violation of 8 U.S.C. § 1154(c). (Id.) The Board of Immigration Appeals ("BIA") affirmed this decision on May 24, 2011. (Dkt. No. 22-3.) Plaintiffs Kelly and Jawara contend the USCIS and BIA erred in finding Jawara's federal conviction for conspiracy to engage in marriage fraud was sufficient to find him ineligible for the I-130 visa. Plaintiffs argue the conviction record only showed he attempted to help another man find a United States citizen to marry, not that he undertook any efforts or conspired to find a wife for himself as required to show a violation of 8 U.S.C. § 1154(c). Plaintiffs seek an order declaring Jawara "not ineligible [for] immigration benefits" and that the BIA and USCIS's decisions to the contrary were arbitrary and capricious. (Dkt. No 1 at 8-9.) The Court reviews the facts surrounding the conviction, which are necessary to understand the present dispute.

Jawara was federally indicted and convicted of engaging in a conspiracy in violation of 18 U.S.C. § 371 to violate the marriage fraud provisions of 8 U.S.C. § 1325(c). Section 1325(c) makes it unlawful for "[a]ny individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws." Count 6 of the superseding indictment charged Jawara with one count of conspiracy (8 U.S.C. § 371) to violate § 1325(c). The superseding indictment presented two theories of liability as to Count 6, the marriage fraud conspiracy: (1) that Jawara met with a female U.S. citizen and Peter Coleman in order to secure a marriage and citizenship for another man; (2) that Jawara met and solicited Coleman to help Jawara find a United States citizen to marry so that he could evade the immigration laws. The indictment set forth the basis of Count 6 as follows:

> a. On or about June 24, 2004, . . . JAWARA did facilitate a meeting between a cooperating witness, identified as P.C., an alien, and a female United States citizen, in which the conspirators discussed having the United States citizen marry the alien in order to evade the immigration laws of the United States.
>
> b. On or about November 13, 2004, . . . JAWARA[ ] did meet with and solicit a cooperating witness, identified as P.C., to procure a United States citizen who would agree to marry JAWARA in order to evade the immigration laws of the United States.

United States v. Jawara, 474 F.3d 565, 570-71 (9th Cir. 2007). The government also charged Jawara with one count of fraud related to immigration documents, a violation of 18 U.S.C. § 1546(a).

At trial, the jury heard evidence about Jawara's request to find a wife to marry to avoid the immigration requirements. The government's informant in the case, Peter Coleman, testified that Jawara had trouble with his immigration status and that Jawara wanted to find a wife for himself. (See Dkt. No. 22-5 at 45.) Jawara testified that Coleman told him "he got a woman for me [Jawara]," but that Jawara refused to go through with any marriage. (Dkt. No. 22-6 at 167.) Jawara's defense at trial was that Coleman, not Jawara, had instigated the marriage fraud plot. (See Dkt. No. 22-6 at 165.) However, the jury heard a recording of a meeting between Jawara and Coleman in which Jawara stated that he wanted to find someone to marry to get his immigration status settled. The administrative record submitted to this Court does not contain a transcript of the recording. When cross examined about the recording, Jawara admitted he stated he was looking for a wife because he wanted "to finish [his] immigration case and get [his] papers straight." (PT3-R160 (references to "PT_" are to the administrative record).) Responding to the recording, he stated further that "at the end he [Coleman] overcame me. . . . So I say I need it, now I need this lady." (PT3-R159; see also Dkt. No. 22-6 at 173-74.) The jury also heard testimony that Jawara knew that getting married could speed up the process of immigrating to the United States. (See Dkt. No. 22-6 at 70-73.) The District Court Judge

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT- 3

presiding over the case also commented that he had heard testimony that Jawara was going through some trouble with the INS and "goes off to talk about getting married." (Dkt. No. 22-6 at 97.)

The jury also heard testimony that Jawara met with Coleman and a female U.S. citizen to procure a marriage for another male friend of Jawara's. The evidence showed that Coleman and Jawara met with the woman on June 25, 2004 and discussed having her marry a male friend of Jawara's to help him obtain citizenship. The jury found Jawara guilty of engaging in a conspiracy in violation of 18 U.S.C. § 371 to commit marriage fraud in violation of 8 U.S.C. § 1325(c). The verdict form indicated the jury found him guilty of Count 6, which included both theories of guilt—that he conspired to obtain a wife for himself and to get a wife for another. There was no special verdict form.

On appeal, the Ninth Circuit found there to be substantial evidence supporting the jury's verdict. United States v. Jawara, 474 F.3d 565 (9th Cir. 2007). In reviewing the facts of the case, the Ninth Circuit noted that "Coleman recounted his discussions with Jawara about finding a wife, first for Ibrahim, and then later, for Jawara himself." Id. at 571. The court recounted that "Jawara was recorded as saying that he needed a wife for himself because he was 'going through some stuff with the INS . . . about [his] papers' and that he wanted to 'finish [his] stuff and get [his] citizenship.'" Id. at 571-72. The court concluded that "the evidence of guilt was overwhelming as to both counts." Id. at 580. It is worth noting the reference to "both counts" was to the counts for marriage fraud and fraud relating to immigration documents, not the two theories of liability for the single marriage fraud conspiracy. In any event, the court supported its conclusion by pointing out that "[t]he recorded meetings and Coleman's testimony conclusively demonstrated Jawara's participation in the marriage fraud conspiracy" and that "Jawara's

credibility was not a central issue as he was hard pressed to disavow the recorded admissions." Id.

In denying the present I-130 visa petition, the USCIS relied on the trial transcripts of Jawara's criminal trial, the judgment in the case, all documents in his A-File, and the Ninth Circuit's decision. (Dkt. No. 22-2.) The decision stated that there is "significant evidence of fraud" and the agency found that this made Jawara ineligible pursuant to 8 U.S.C. § 1154(c). (Id. at 4.) Section 1154(c) makes an applicant ineligible for an I-130 petition if it is determined "that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c). After concluding that Jawara had conspired to marry to evade immigration laws, the USCIS stated that "it is found that you have failed to provide clear and convincing evidence to establish legitimate spousal eligibility for the benefit sought." (Id.) The agency did not cite any law or regulation for the proposition that this was the burden on Jawara.

In affirming, the BIA found that there was sufficient evidence to find Jawara ineligible for the visa. The BIA concluded that "[t]he conviction documents in the record reflect that the beneficiary was convicted under 18 U.S.C. § 371, based on Count 6 of the Superseding Indictment, a conviction that was affirmed by the United States Court of Appeals for the Ninth Circuit." (Dkt. No. 22-3 at 2-3.) The BIA noted that "[o]ne of the subsections [of Count 6] states that the beneficiary met with and solicited an individual to procure a United States citizen to marry the beneficiary in order to evade the immigration laws of the United States." (Id. at 3.) The BIA rejected Plaintiffs' argument that Jarawa "was not convicted of that particular subsection." (Id.) The BIA noted that it could not pierce the record of conviction to determine

an alien's guilt or innocence, and that the Ninth Circuit had found substantial evidence supporting the conviction of Count 6 in its entirety. (Id.)

**Analysis**

A. Standard

Applying the Administrative Procedures Act, the Court reviews the Board of Immigration Appeal's decision to determine whether the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." United States v. Bean, 537 U.S. 71, 77 (2002) (quotation omitted). The Court is instructed not to substitute its judgment for that of the agency, and is to presume the agency action to be valid. See J & G Sales Ltd. v. Truscott, 473 F.3d 1043, 1051 (9th Cir. 2007).

In her initial application, Kelly had the burden to establish each element of eligibility by a preponderance. See Matter of Pazandeh 19 I. & N. Dec. 884, 887 (BIA 1989). As the first agency reviewing the application, the USCIS had the obligation to reject a visa application if it determined "that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c). "The director will deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of such an attempt or conspiracy, regardless of whether that alien received a benefit through the attempt or conspiracy. 8 C.F.R. § 204.2(a)(ii). "Although it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy, the evidence of the attempt or conspiracy must be contained in the alien's file." Id.

B. Jawara Cannot Satisfy Eligibility

The BIA did not abuse its discretion in finding substantial and probative evidence Jawara had attempted or conspired to enter into a marriage for the purpose of evading immigration laws, in violation of 8 U.S.C. § 1154(c).

Jawara's immigration file contains evidence that he tried or conspired to obtain citizenship for himself through a fraudulent marriage. Most notably, a jury convicted Jawara of engaging in conspiracy to commit marriage fraud, after hearing testimony that Jawara sought a wife for himself to avoid immigration laws in addition to helping another find a United States citizen to marry for the same purpose. The jury heard testimony from Peter Coleman that Jawara had asked him to find a wife, and Jawara as much admitted that he made the statement. The jury heard a recording of the conversation and was able to weigh Jawara's credibility particularly as to his assertion that the plot was only of Coleman's contrivance and that he did not share in the plan. After hearing this testimony, the jury found him guilty of conspiracy to engage in marriage fraud as charged. The Ninth Circuit also concluded that there was substantial evidence of Jawara's guilt on this count, although it did not parse out the relative weight of the evidence as to Jawara seeking his own bride or a spouse for another. Presented with this evidence, the BIA did not abuse its discretion in finding there to be substantial and probative evidence that Jawara had attempted to marry in order to evade immigration laws. The Court finds the BIA's and USCIS's decisions were not arbitrary or capricious or an abuse of discretion. The Court GRANTS Defendants' motion and DENIES Plaintiffs' motion.

Jawara inaccurately argues that there is inadequate evidence to show that he attempted or conspired to enter into marriage for purpose of evading immigration laws. Jawara ignores the evidence indicating that he did ask Coleman to assist him in obtaining a wife for himself and that he knew it would assist him in obtaining citizenship. At trial, the jury heard a recorded

conversation on November 13, 2004, where he said "that he needed a wife for himself because he was 'going through some stuff with the INS . . . about his papers' and that he wanted to 'finish his stuff and get his citizenship.'" Jawara, 474 F.3d at 570. The Ninth Circuit found the evidence of guilt on this count was overwhelming. Id. at 580. To say that there was no evidence on which to find Jawara attempted to obtain a wife for himself is misleading and not supported by the evidence in the record. The Court REJECTS this argument.

Jawara also makes a flawed argument his conviction was only for conspiracy, and not for marriage fraud. It is true that he was found guilty of conspiracy under 18 U.S.C. § 371. However, he was charged and found guilty of conspiring to violate the marriage fraud statute, 8 U.S.C. § 1325(c). The jury heard evidence about Jawara's request to find himself a wife to marry to avoid immigration laws. He met with Peter Coleman and asked for his assistance. These acts were before the BIA when it concluded there was substantial and probative evidence Jawara attempted to marry to evade immigration laws in violation of 8 U.S.C. § 1154(c). It was not an error for the BIA to conclude he was found guilty of conspiracy to engage in marriage fraud.

Jawara also contends that the BIA applied the wrong standard regarding his burden to overcome the finding of ineligibility. (Dkt. No. 28 at 2.) The USCIS suggested in its decision that Jawara had to show clear and convincing evidence that he did not violate 8 U.S.C. § 1154(c). Jawara correctly points out the USCIS cited no authority for this standard. He is also correct in pointing out that the government's post-hoc attempt to justify the standard erroneously cites a regulation that does not apply to the situation Jawara faces. See 8 C.F.R. § 204.2(a)(1)(i)(C). This error, however, does not require reversal. Even if the Court considers a lower preponderance standard, Jawara has not provided countervailing evidence or reasons to

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT- 8

conclude that there was not substantial evidence he attempted to or conspired to enter into a marriage to avoid immigration laws. He has not shown the BIA abused its discretion even if it applied a lower standard. The error is harmless and not a basis for reversal.

The Court GRANTS the Defendants' motion and DENIES the Plaintiffs' motion. The Court AFFIRMS the BIA's decision and DISMISSES Plaintiffs' complaint.

## Conclusion

Plaintiffs have made a thorough attack the BIA's and USCIS's decision to deny the I-130 petition. They have failed, however, to show that either the BIA or the USCIS committed error sufficient to justify the declaratory relief sought or any order requiring the USCIS to process the I-130 petition. The Court finds that there was sufficient evidence for the USCIS and BIA to find there was substantial and probative evidence Jawara attempted to or conspired to enter into a marriage for purposes of avoiding immigration laws. The Court therefore GRANTS the Defendants' motion for summary judgment, DENIES Plaintiffs' motion for summary judgment, and AFFIRMS the BIA's decision. The Court thus DISMISSES Plaintiffs' complaint.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of March, 2012.

Marsha J. Pechman
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT- 9